UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE BROWNLEE, | ) | CASE NO: 1:19CV2976 |
| | ) | |
| Petitioner, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| DAVID YOST, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Respondent. | ) | |

## I.    Introduction

Petitioner, Eddie Brownlee, an Ohio prisoner is currently serving an aggerate six-year sentence for trafficking, drug possession, and possessing criminal tools filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 26, 2019.  Respondent, Warden Harold May[1], has moved to dismiss Brownlee's petition as untimely and because Brownlee's claim is procedurally defaulted.[2] (ECF No. 9).

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Brownlee's petition and other case-dispositive motions. Because Brownlee's petition was not filed within the one-year limitations period under

---

[1] Petitioner incorrectly names Attorney General Dave Yost as the Respondent. However, as Respondent notes "Brownlee is incarcerated at Richland Correctional Institution in Mansfield, Ohio, where Harold May is Warden. Warden May is therefore the proper party respondent in this action."  (ECF No. 9 at 1).

[2] As the court finds that Brownlee's petition is untimely, the court need not address the Warden's procedural default argument.

1

28 U.S.C. § 2244(d)(1) and because Brownlee is not entitled to equitable tolling, I recommend that the Court GRANT Warden May's motion

## II. Procedural History

### A. State Conviction

On December 11, 2015, a Cuyahoga County, Ohio grand jury indicted Brownlee on three counts of trafficking, in violation of Ohio Rev. Code § 2925.03 (A)(1) (Counts 1, 5, and 9), three counts of trafficking, in violation of Ohio Rev. Code § 2925.03(A)(2) (Counts 2,6, and 10), four counts of drug possession, in violation of Ohio Rev. Code § 2925.11(A) (Counts 3, 7, 11, and 13), three counts of Possessing Criminal Tools, in violation of Ohio Rev. Code § 2903.02(B) (Counts 4, 8, and 14), and one count of illegal manufacture of cultivation of drugs, in violation of Ohio Rev. Code § 2925.04 (A) (Count 12). Additionally, Counts 1-11 and 14 carried an automobile forfeiture specification, Counts 9-11 and 14 carried money and scale forfeiture specifications, and Counts 12-14 carried Pyrex/glass test tubes specifications. (ECF No. 9-1 at Ex. 1). On May 22, 2017, a jury found Brownlee not guilty of trafficking (Count 10), drug possession (Counts 11 and 13) and illegal manufacture or cultivation of drugs (Count 12) and guilty of trafficking (Count 1, 2, 5, 6 and 9), drug possession (Counts 3 and 7), and possessing criminal tools (Counts 4, 8, and 14). (ECF No. 9-1 at Ex. 3). On May 24, 2017, the court conducted a sentencing hearing and sentenced Brownlee to an aggregate sentence of six years. (ECF No. 9-1 at Ex. 4).

### B. Direct Appeal

On October 18, 2017, Brownlee, through new counsel, appealed to the Ohio Court of Appeals, raising three assignments of error:

> **Assignment of Error I:** It was error to admit hearsay evidence in trial.
> **Assignment of Error II:** It was error to admit insufficient evidence in trial.
> **Assignment of Error III:** It was error not to merge possession of criminal tools to the other crimes.

(ECF No. 9-1 at Ex. 8). On August 16, 2018, the Ohio Court of Appeals affirmed Byrd's convictions and sentence. (ECF No. 9-1 at Ex. 10).

### C. Appeal to the Ohio Supreme Court

On October 31, 2018, Brownlee, represented by counsel, filed an untimely Notice of Appeal (ECF No. 9-1 at Ex. 11) and a Motion for Delayed Appeal (ECF No. 9-1 at Ex. 12) with the Ohio Supreme Court. On December 26, 2018, the Ohio Supreme Court denied Brownlee's motion for a delayed appeal and dismissed his appeal as untimely. (ECF No. 9-1 at Ex. 13).

### III. Federal Habeas Corpus Petition

On December 26, 2019, Brownlee, represented by counsel, petitioned for a writ of habeas corpus from this court. (ECF No. 1). Brownlee's petition asserted the following ground for relief:

> **Ground One:** The trial court's failure to merge Petitioner's convictions for possessing criminal tools with their principle [sic] offenses violated his rights under the double jeopardy clause of the Fifth Amendment to the U.S. Constitution.
>
> **Supporting Facts:** The criminal tool counts (embodying allegations predicated upon use of Petitioner's vehicle in the travel to each drug sale) required merger because they were in fact subsumed by the principle drug offenses and should not have been the subject of consecutive sentencing.

(ECF No. 1). On April 29, 2020, Warden May moved to dismiss Brownlee's petition in its entirety as untimely and procedurally defaulted. (ECF No. 9). Brownlee filed his Brief in Support of Petition for Writ of Habeas Corpus on May 1, 2020. (ECF No. 10).

### IV. Law and Analysis

#### A. Statute of Limitations under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal. Ohio R. App. P. 4(A). The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction relief petition is considered "properly filed" only if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Untimely post-conviction

petitions or other collateral motions do not toll the AEDPA statute of limitations, despite any exceptions to the timely filing requirement that might exist under state law. *See id.* at 413-14.

### B.  Untimely Petition

The Warden argues that Brownlee's AEDPA statute of limitations began running on October 1, 2018, ran until October 31, 2018—when Brownlee filed a notice of appeal and delayed appeal with the Ohio Supreme Court, began running again on December 27, 2018—when the Ohio Supreme Court dismissed his appeal, and expired on November 27, 2019. (ECF No. 9 at 8-9). Brownlee fails to address the untimeliness of his appeal.

The Court agrees substantively with the Warden. Brownlee's judgment became final on October 1, 2018[3]—45 days after the Ohio Court of Appeals affirmed Brownlee's conviction on August 16, 2018. Ohio R. App. P. 4(A); (ECF No. 9-1 at 10). Thus, Brownlee's statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began on October 2, 2018 and absent any tolling would have expired on October 2, 2019—a year later. However, Brownlee filed a motion for delayed appeal (ECF No. 9-1 at 12) and a notice of appeal (ECF No. 9-1 at 11) with the Ohio Supreme Court on October 31, 2018 which tolled the statute of limitations for the period the motion was pending. On December 26, 2018, the Ohio Supreme Court dismissed Brownlee's appeal. (ECF No. 9-1 at 13). Thus, the statute of limitations resumed running the next day—December 27, 2018, ran for another 336 days, and expired on November 28, 2019. Brownlee filed the instant petition on December 26, 2019, almost a month after the AEDPA statute of limitations expired.

### C.  Equitable Tolling

---

[3] As the Warden notes, forty-five days after the Ohio Court of Appeals affirmed Brownlee's conviction was September 30, 2018. However, that was a Sunday; thus, according to S.Ct.Prac.R. 3.03(A)(1) Brownlee had until Monday, October 1, 2018 to appeal to the Ohio Supreme Court. The statute of limitations period began to run the following day and expired 365 days thereafter.

However, this does not end the inquiry, the court must now consider whether Brownlee is entitled to equitable tolling. Because AEDPA's statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S 631, 645 (2010). If a petitioner seeks equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The unavailability of or delay in receiving trial or other transcripts is not an "extraordinary circumstance" that prevents a habeas petitioner from filing a timely petition, and, thus, does not warrant equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (explaining that the habeas rules require the state, not the petitioner, to "furnish the petitioner with the record once a habeas petition has been filed"). Similarly, a petitioner's *pro se* status or ignorance of procedural requirements "are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Hall*, 662 F.3d at 751–52; *Winkfield v. Bagley,* 66 F. App'x 578, 583 (6th Cir. 2003)).

The Warden argues that Brownlee is not entitled to equitable tolling because he was not diligent in pursuing state court relief and fails to demonstrate that some extraordinary circumstance stood in his way. (ECF No. 9 at 10). The court agrees. Brownlee's petition (ECF No. 1) and brief in support of his petition (ECF No. 10) are silent on the untimeliness of his petition. As Brownlee fails to demonstrate that he has been pursuing his rights diligently and an extraordinary circumstance that stood in his way and prevented timely filing, he is not entitled to equitable tolling.

Accordingly, because equitable tolling does not apply, I recommend that the Warden's motion to dismiss Brownlee's habeas petition as untimely be granted.

### V. Certificate of Appealability

#### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted this standard to mean that the "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

#### B. Analysis

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485. As the Supreme Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486. If the Court accepts my recommendations, Brownlee will not be able to show that the Court's conclusion that his petition was untimely under 28 U.S.C. § 2244(d)(1) is debatable. Thus, I recommend that a certificate of appealability not be issued.

## VI. Recommendation

Because Brownlee's petition was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1) and because Brownlee is not entitled to equitable tolling, I recommend that the Court GRANT Warden May's motion (ECF No. 9) to dismiss Brownlee's petition for writ of habeas corpus. I further recommend that Brownlee not be granted a certificate of appealability.

DATED:  January 28, 2021

    *Carmen E. Henderson*
**Carmen E. Henderson**
**United States Magistrate Judge**

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas* v. *Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).