UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE BROWNLEE | ) | Case No. 1:19-cv-02976 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| DAVE YOST, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 11) filed on January 28, 2021. Respondent moved to dismissing Petitioner's petition for a writ of habeas corpus. (ECF No. 9.) Petitioner filed a brief in support of his writ of habeas corpus on May 1, 2020. (ECF No. 10.) The Magistrate Judge recommends the Court grant Respondent's motion to dismiss. Petitioner did not object to the Magistrate Judge's report and recommendation.

The report and recommendation advised both parties that a failure to object within 14 days may result in waiver of rights on appeal, which includes the right to review before the Court. (ECF No. 11, PageID #214.) Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver

rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. The Sixth Circuit held "that forfeiture, rather than waiver, is the relevant term here." *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019). "Waiver is different than forfeiture." *United States v. Olando,* 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the R&R has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Nor does the Court's independent review show that there is any clear error in the Magistrate Judge's report and recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 11) and **GRANTS** Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus. The Court further **DIRECTS** the Clerk to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C.S. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2). This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Petitioner does not qualify for a certificate of appealability. Here, the Magistrate Judge recommends that the petition be dismissed because the petition is untimely. Because Petitioner is unable to show that the Magistrate Judge's determination that his petition is untimely under 28 U.S.C. § 2244(d)(1)(A) is fairly debatable among reasonable jurists, Petitioner is not entitled to a certificate of appealability.

**SO ORDERED.**

Dated: July 19, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio